RUIZ, PLAINTIFF AND APPELLEE, *v.* RODRÍGUEZ, DEFENDANT AND APPELLANT.

APPEAL from the Second District Court of San Juan in an Action for Rescission of Contract and Damages.

No. 2996.—Decided March 26, 1924.

PURCHASE AND SALE—DELIVERY—POSSESSION.—In order that the mere execution of the public instrument referred to in section 1365 of the Civil Code may

be equivalent to the delivery of the thing sold it is indispensable that the vendor actually had it in his possession.

ID.—RESCISSION OF CONTRACT—ESTOPPEL.—The fact that the purchaser had brought an action to recover the property from the person in possession at the time of the sale and had abandoned it, does not estop him from suing the vendor for the rescission of the contract when the vendor was not in possession and also concealed from the purchaser his constant controversy with the actual possessor for the possession of the property.

The facts are stated in the opinion.

Mr. J. Martínez Dávila for the appellant.

Mr. A. R. de Jesús for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Francisco Ruiz de Porras purchased from Eugenio Rodríguez Suárez a tract of ten acres of land under a contract set out in a public instrument executed before a notary.

The vendee paid the purchase price to the vendor and recorded his title in the registry of property, but the vendee, the plaintiff in this case, alleges that a few days after the signing of the contract of purchase and sale he went to take possession of the property and could not do so because he was prevented by The Star Fruit Co. of Porto Rico, a corporation which was in possession of the property and exercising acts of ownership over it, having the property fenced in and notices posted in English and Spanish forbidding entry upon the property.

The plaintiff also alleged that although he filed an action of revendication against the said corporation, he withdrew it because the defendant never was in possession of the said property, and not desiring to run the risks of a suit when the property could not be identified, the said plaintiff elected this action for the resolution of the contract entered into with the defendant because of his failure to deliver the property purchased.

The defendant answered substantially as follows: "That the contract was perfectly consummated, inasmuch as the plaintiff had recorded his title in the registry of property

and had gone with the defendant to see the property and to take possession of it,'' and that when he sold the said property to the plaintiff he was in the quiet and peaceable possession of it and had a part of it planted with sugar cane.

The case was tried on its merits and the trial court gave judgment for the plaintiff, from which the defendant took this appeal.

The appellant contends generally that the trial court erred in adjudging the resolution of the contract of purchase and sale entered into between plaintiff and defendant.

No specific assignment of errors is made. However, in arguing his proposition the appellant raises these two questions: (*a*) That there was delivery of the thing sold because the sale was made by a public deed; and (*b*) that the plaintiff is estopped from pleading the resolution of the contract by the mere fact of having attempted to revendicate the property in question from the person who was in possession of it at the time of the sale.

The appellant bases the first question on section 1365 of the Civil Code, which reads as follows:

"A thing sold shall be considered as delivered, when it is placed in the hands and possession of the vendee.

"When the sale should be made by means of a public instrument, the execution thereof shall be equivalent to the delivery of the thing which is the object of the contract, if in said instrument the contrary does not appear or may be clearly inferred."

Although this section responds to a fiction of law, it is based on the assumed fact of the previous existence in the vendor of the quiet and peaceable possession of the thing involved in the contract. The execution of the deed is sufficient as equivalent to the tradition, but it is only a mental representation which substitutes the symbols in order to give reality to the delivery of the thing, thus making unnecessary the "putting of feet" of our old laws or the delivery of keys, etc. Consequently, the language of the law

is not complied with if the symbolic formula of the execution of the deed does not respond to the positive fact that the vendor is in actual possession of the property sold. Hence the maxim that "where truth exists there can be no fiction of law."

In consonance with these ideas, Manresa, in commenting on article 1462 of the Spanish Civil Code, equivalent to section 1365 quoted, says:

"The doctrine of this judgment is linked with other more general jurisprudence which has great importance in the matter of tradition. In order that the vendor may convey by means of the deed or of any other symbol it is necessary that he have in his possession the property conveyed.

"This doctrine was contained in the judgment of the Supreme Court of April 12, 1890, which applied the provisions of Law 8, Title 30, *Partida* 3, substantially identical to the provisions of the code on the matter. Alcubilla explains the contents of the said judgment as follows:

"The judgment of April 12, 1890, declared in substance that when a purchase and sale is formalized by means of a public deed and the purchase price is paid, if the vendor cannot put the vendee in the quiet and peaceable possession of the property because a third person is in possession and the vendor's right of ownership is doubtful, the vendee is entitled to sue for the rescission of the contract, the return of the price paid and damages, for the symbolic tradition, as all fictions of law of like nature, responds to the efficacy of the right attributed to the vendor, and for this reason when it is notorious that the vendor was not in possession of the thing said in the deed of sale to have been delivered to the vendee, it is evident that the said *Partida* is not violated by holding that the vendor, in such case, has not complied with the obligation of delivering the thing sold.

"This sound doctrine is repeated in the judgments of June 3, 1899, October 23 and November 10, 1903, and May 29, 1906. The fictitious tradition supposes actual delivery by the grantor. The execution of the deed can mean delivery only when the vendor actually and really possesses the porperty sold. If a third person is in possession, the vendee, whose purchase cannot be considered consummated, cannot bring unlawful detainer against him." 10 Manresa, Spanish Civil Code, pp. 133 and 134.

The second question, which refers to the action of re-
vendication that the plaintiff had brought against the third
person who occupied the property, is not a defense avail-
able to the defendant. This action of the plaintiff did not
prejudice the defendant, but rather benefited him, for the
plaintiff did something that he was not bound to do, pos-
sibly avoiding thereby the present suit against the defend-
ant. The plaintiff explains his purpose very naturally. He
believed that when the third person who occupied the prop-
erty should be summoned in an action of revendication he
would confess judgment; but the third person firmly resisted
the action of the plaintiff, who thereupon thought it prudent
not to continue assuming the risks of a suit in which he had
discovered the impossibility of identifying the property.
Besides, the very fact that he commenced the action of re-
vendication implied necessarily that the property was in
the possession of the third person.

Nothing, therefore, can be found to justify the so-called
defense of estoppel invoked by the appellant. It had to
be based on the good faith of the pleader and on the fact
that the acts done by the adverse party were prejudicial
and injurious to him. Neither of these is shown in this
case. The evidence reveals that the defendant concealed
from the plaintiff the struggle that he had been having with
The Star Fruit Co. for the possession of the property, and
it does not appear that at any time he obtained the real and
actual possession of the property. Hence, the estoppel
pleaded by the appellant as a defense could not serve as an
equitable remedy to cover a fraud.

For all of the foregoing the judgment appealed from
must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and
Hutchison concurred.